# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BARGER, also known as Gary Fisher,<br><br>    Petitioner,<br><br>   v.<br><br>DIRECTOR OF "OPS" OF CDCR,<br><br>    Respondent. | Case No. 1:14-CV-01659-SMS   HC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

**SCREENING ORDER**

On August 28, 2014, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus in the U.S. District Court for the Northern District of California. On October 23, 2014, the Northern District transferred the petition to this Court.

Review of the petition reveals both one or more civil rights claims under 42 U.S.C. § 1983 (claims relating to injuries incurred in custody) and one or more claims that may properly be brought in a habeas corpus petition pursuant to 28 U.S.C. § 2254 (claims relating to Petitioner's sentence), as well as a possible claim regarding violations of the Americans With Disabilities Act ("ADA"). Accordingly, this Court dismisses the petition with leave to amend and directs Petitioner to file a separate Section 1983 action for claims relating to conditions of confinement and ADA violations.

1

### I. Screening of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no cognizable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### II. Section 1983 Complaint or Habeas Corpus Petition?

Challenges to the conditions of prison life are properly brought as civil rights claims under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).

A petitioner may not seek both types of relief in a single action. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*. This means that Petitioner must amend his petition for writ of habeas corpus to include only claim(s) relating to the fact or duration of his confinement. The amended petition is properly filed in the Fresno Division of the Eastern District Court since Petitioner was tried and sentenced in Kern County.

Petitioner must file a separate § 1983 action to pursue claim(s) relating to conditions of confinement, such as his claimed injury. Since Petitioner is confined in the California Health Care

///

2

Facility in Stockton, California, the § 1983 action is properly filed in the Sacramento Division of the Eastern District Court, the district in which he is confined.

## II. Pleading Standards

Although careful completion of the form of petition for habeas corpus is generally sufficient to set forth habeas corpus claims, if Petitioner intends to pursue claims under Section 1983 or the ADA, he must set forth factual allegations sufficient to state his claims.

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678

3

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must fully set forth the legal and factual basis for his or her claim.

As is apparent from the Court's uncertainty regarding the nature of Petitioner's claims, the petition is too vague and perfunctory for the Court to know what claims Petitioner intended to assert. If Petitioner chooses to amend the petition, as this order allows him to do, he must complete it fully, including all facts relevant to the questions asked. For example, question four seeks full disclosure of "the nature of offense involved (all counts)." Responding "criminal," as Petitioner did, gives the Court no insight into the crimes of which Petitioner was convicted and sentenced. Petitioner must set forth, with specificity, each count of which he was convicted or to which he pleaded. If Petitioner elects to file a complaint for violation of § 1983, he must set forth all facts relevant to each claim.

### III. Petition for Writ of Habeas Corpus

Petitioner merely alleges that his sentence is excessive. His failure to complete fully the form of petition for habeas corpus leaves both the Court (and were the Court to order service, the respondent) with little insight into Petitioner's claims and reasoning. To enable the Court to evaluate Petitioner's claim, the writ must include all of the requested information, including the crimes of which Petitioner was convicted or to which he pleaded, and the dates, claims and outcomes on related state appellate and habeas proceedings. For example, to the extent that Petitioner contends that the sentencing court imposed impermissible enhancements of his sentence, he needs to set forth

///

4

the enhancements imposed and why he contends that the enhancements were improperly added to his sentence.

Based on Petitioner's circling of one category in the form's listing of potential grounds for relied, he may have intended to claim that his guilty plea was unlawfully induced or made involuntarily. If that is the case, Petitioner must set forth the claim and provide the relevant facts supporting that claim. As detailed above, asserting a legal conclusion does not create a cognizable claim. Petitioner should pay attention to the form's instructions. For example, before listing potential grounds for an allegation that a prisoner is being held unlawfully, the form reads, "Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) ort any one of these grounds." Doc. 1 at 9.

The Court reminds Petitioner that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*citations omitted*). *See also, e.g., Gilmore v. Taylor*, 508 U.S. 333, 344 (1993) ("[I]instructional errors of state law generally may not form the basis for federal habeas relief."); *Hayes v. Ayers*, 632 F.3d 500, 515 (9th Cir. 2011) (trial judge's failure to declare mistrial following witness's statement of excluded hearsay did not rise to level of federal due process violation); *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (Absent clearly established Federal law, a state court's admitting irrelevant or overtly prejudicial evidence is not sufficient to justify issuance of a writ under AEDPA.); *Randolph v. California*, 380 F.3d 1133, 1147 (9th Cir. 2004) ("A violation of state evidence rules is insufficient to constitute a due process violation."); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) ("Federal courts are extraordinarily chary of entertaining habeas corpus violations premised upon asserted deviations from state procedural rules."); *Jamal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) ("We do not review questions of state evidence law."); *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989)

("[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation."). The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

**IV.    Section 1983 Claims**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia. subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protested by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). *See also Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (putting it more simply that a plaintiff must plead that (1) a defendant acting under color of state law (2) deprived the plaintiff of rights secured by the Constitution or federal statutes).

///

///

6

### B. <u>Nature of the Violation of Petitioner's Rights</u>

Plaintiff alleges that he was injured and suffered memory loss. Injury during incarceration does not, of itself, constitute a violation of Petitioner's civil rights. To state a cognizable Eight Amendment claim, Petitioner must allege facts to state a cognizable claim of either the use of excessive force or deliberate indifference to medical needs or both.

### A. <u>Excessive Force</u>

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine whether the force was excessive, the court must consider "the extent of the injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response." *Id.* at 7 (*quoting Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Because Petitioner's claim is so perfunctory, the Court cannot be sure that he intended to assert a claim of excessive force. If Petitioner intended to express such a claim, he must more fully allege all relevant facts in accordance with the pleading standards set forth above.

### B. <u>Deliberate Indifference to Medical Need</u>

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (*quoting Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*)). "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the

7

facts from which the inference could be drawn that a substantial risk of harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057, *quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish extreme indifference to serious medical needs. *See Toguchi*, 391 F.3d at 1060.

Because Petitioner's claim is so perfunctory, the Court cannot be sure that he intended to assert a claim of deliberate indifference to medical need. If Petitioner intended to express such a claim, he must more fully allege all relevant facts in accordance with the pleading standards set forth above.

### C.     Linkage

To state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's civil rights. Plaintiff can establish each defendant's "requisite causal connection" either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that defendant knew or reasonably should have known would cause others to inflict constitutional injury on Plaintiff. A defendant cannot be liable under § 1983 unless

8

an affirmative link or connection exists between that defendant's actions and the claimed injury to Plaintiff. *May v. Enomoto*, 633 F.2d 164, 167 n. 3 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.

Plaintiff names as respondent to the habeas petition the Director of "OPS" of CDCR. Plaintiff does not articulate any specific actions or complaints against any particular actor. Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In drafting his § 1983 complaint, Petitioner should name as defendants the individuals that he contends violated his rights and allege facts linking each defendant to each violation alleged against that defendant.

## V.     Americans with Disability Act

Petitioner alleges that unidentified prison officials have "failed to integrate me as required by ADA and many other ADA discriminated against as Pelican Bay's Law Library and sent back law books sent in my name." Doc. 1 at 2. The Court is unsure of the nature of the ADA claim that Petitioner seeks to allege. If Petitioner elects to pursue ADA claims as part of his § 1983 complaint, he must identify the integration requirement that he alleges was violated and provide more specific factual allegations.

## VII.    Conclusion and Order

By this order, the Court dismisses the petition for habeas corpus with leave to amend. To the extent that Petitioner intends to challenge the fact or duration of his confinement, he may appropriately do that in the amended petition. If Petitioner wishes to pursue claims for relief under § 1983 based on conditions of confinement that violate his constitutional rights, however, he must file a separate § 1983 complaint. Whichever alternative(s) Petitioner considers appropriate, he must ensure that his pleadings set forth simply and clearly his claims

and the factual basis of those claims.  He must fully complete the habeas petition form, providing specific and detailed responses to each question.

Accordingly, the Court hereby ORDERS:

1. The petition for writ of habeas corpus is dismissed with leave to amend;
2. The Clerk's Office shall send Petitioner a civil rights complaint form and a form of petition for writ of habeas corpus;
3. If Petitioner wishes to pursue a writ of habeas corpus, Petitioner may submit an amended petition for writ of habeas corpus to the Fresno Division of the Eastern District Court within thirty (30) days from the date of this order;
4. If Petitioner does not wish to pursue this petition for writ of habeas corpus, Petitioner must file a notice of voluntary dismissal within thirty (30) days from the date of service of this order;
5. If Petitioner wishes to pursue a civil rights action, Petitioner must file a separate in the Sacramento Division of the Eastern District Court;
6. If Plaintiff neither (a) files a notice of voluntary dismissal nor (b) files an amended petition within thirty (30) days from the date of this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **November 3, 2014**               **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE