# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BARGER, also known as Gary Fisher,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR OF "OPS" OF CDCR,<br><br>Respondent. | Case No. 1:14-CV-01659-SMS   HC<br><br>ORDER DISMISSING PETITION AND CLOSING CASE<br><br>(Doc. 13) |

On November 4, 2014, this Court issued a screening memorandum in which it questioned whether Petitioner sought to file a habeas corpus petition or a claim pursuant to 42 U.S.C. § 1983. The Court dismissed the petition, directing Petitioner to amend it to include only those claims cognizable in a habeas corpus petition. Petitioner was directed to pursue his Section 1983 claims in a separate petition, which needed to be filed in the Sacramento Division, which is the proper venue for those claims.

On December 8, 2014, Petitioner filed a Section 1983 action in this Court which was dismissed for failure to pay the filing fee.[1] *Barger v. Director of OPS of* CDCR, No. 1:14-cv-01956-LJO-BAM. On December 10, 2014, Petitioner filed a document in the above-captioned case entitled

---

[1] Pursuant to 28 U.S.C. § 1915, with certain exceptions, Petitioner is no longer eligible to file Section 1983 actions *in forma pauperis. See Barger v. Director of OPS of CDCR*, No. 2:14-cv-01323-TLN-EFB.

1

"Motion for Injunction Order by the Matter of Law Order," which, although failing to cogently set forth individual claims, clearly indicated Petitioner's intent to allege challenges to conditions of imprisonment.  Doc. 13.

Challenges to the conditions of prison life are properly brought as civil rights claims under 42 U.S.C. § 1983.  *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991).  A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a).  "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).  A petitioner may not seek Section 1983 relief by means of a habeas corpus petition.  *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*.

Accordingly, the Court hereby DISMISSES this case with prejudice.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **December 17, 2014**              **/s/ Sandra M. Snyder**
                                                             UNITED STATES MAGISTRATE JUDGE